1
2
3
4
5
6
7
8
9

10                    UNITED STATES DISTRICT COURT

11                        EASTERN DISTRICT OF CALIFORNIA

12
   BYRON DANIEL PRIMAS,                )      1:06-CV-00084 AWI LJO HC
13                                      )
              Petitioner,              )
14                                      )      FINDINGS AND RECOMMENDATION
       v.                               )      REGARDING RESPONDENT'S MOTION
15                                      )      TO DISMISS
                                        )
16   A. J. MALFI, Warden,               )      [Doc. #9]
                                        )
17              Respondent.             )
   _____ )
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21                              **BACKGROUND**[1]

22          Petitioner is currently in the custody of the California Department of Corrections at the Sierra

23   Conservation Center located in Jamestown, California. Petitioner is challenging a disciplinary

24   conviction on March 20, 2004, for which he lost 90 days of credit.

25          Petitioner states he has exhausted his administrative appeals. He concedes that "other than

26   the administrative appeal on this matter, no other form of redress has been pursued in any other

27   _____

28          [1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition,
   and Petitioner's opposition to Respondent's motion to dismiss.

1    forum." <u>See</u> Petition at 2.

2         On December 15, 2005,[2] Petitioner filed the instant petition for writ of habeas corpus in the

3    United States District Court for the Northern District of California. By order of the Court dated

4    January 12, 2006, the petition was transferred to the Eastern District and received in this Court.

5         On June 12, 2006, Respondent filed a motion to dismiss the petition for failure to exhaust

6    state remedies and for being filed outside the one-year limitations period prescribed by 28

7    U.S.C. § 2244(d)(1). Petitioner did not file an opposition.

8                                    **DISCUSSION**

9    <u>A.  Procedural Grounds for Motion to Dismiss</u>

10        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

11   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

12   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

13        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

14   the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

15   state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

16   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874

17   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

18   state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

19   Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

20   should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

21        In this case, Respondent's motion to dismiss is based on a failure to exhaust state remedies

22   and a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will

23   review Respondent's motion to dismiss pursuant to its authority under Rule 4.

24

25        [2]Although the petition was filed in the District Court on December 29, 2005, the petition was dated December 15,

26   2005.  In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its
     submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  <u>Houston v. Lack</u>, 487

27   U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas
     filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston v. Lack</u>,

28   487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on
     December 15, 2005, the date Petitioner presumably handed his petition to prison authorities for mailing.

B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

      In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition before the Court, Petitioner concedes he has not sought relief in any forum "other than the administrative appeal on this matter." See Petition at 2. Accordingly, the petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

C.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on December 15, 2005, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by

1   the Supreme Court, if the right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or

2

3          (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

4          (2) The time during which a properly filed application for State post-conviction or
    other collateral review with respect to the pertinent judgment or claim is pending shall

5   not be counted toward any period of limitation under this subsection.

6   28 U.S.C. § 2244(d).

7          In most cases, the limitations period begins running on the date that the petitioner's direct

8   review became final. In a situation such as this where the petitioner is challenging a prison

9   disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of

10  limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343

11  F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's

12  administrative appeal was the "factual predicate" of the inmate's claim that triggered the

13  commencement of the limitations period). Therefore, the limitations period commenced on

14  November 2, 2004, the day after Petitioner was informed that his Director's Level appeal had been

15  denied. See Exhibit B, Respondent's Motion to Dismiss. Under Section 2244(d)(1)(D), Petitioner

16  had one year until November 1, 2005, absent applicable tolling, in which to file his federal petition

17  for writ of habeas corpus.  Petitioner did not file his federal petition until December 15, 2005, after

18  the limitations had expired.

19  D.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

20         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

21  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

22  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

23  Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

24  properly pursuing post-conviction relief, and the period is tolled during the intervals between one

25  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

26  state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006

27  (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000).

28         As stated above, Petitioner did not file any post-conviction collateral challenges with respect

1    to the pertinent judgment or claim in the state courts. Therefore he is not entitled to tolling and the

2    petition remains untimely.

3    E.  Equitable Tolling

4         The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

5    he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

6    way."[3] Pace v. DiGuglielmo, 544 U.S. 408 (2005); see also Irwin v. Department of Veteran Affairs,

7    498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing

8    Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814

9    (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at

10   1814; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

11   Cir.1993).

12        Petitioner does not argue that the limitations period should be equitably tolled and the Court

13   finds no reason to do so.  Accordingly, Petitioner is not entitled to equitable tolling and the petition

14   remains untimely.

15                                      **RECOMMENDATION**

16        Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be

17   GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

18   comply with 28 U.S.C. § 2244(d)'s one year limitation period and for his failure to exhaust state

19   remedies.

20        This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

21   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

22   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

23   California.

24        Within thirty (30) days after being served with a copy, any party may file written objections

25   with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

26   ───────────────────

27        [3]The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available
     under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of

28   argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125
     S.Ct. at 1814 n. 8.

1  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

2  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

3  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

4  parties are advised that failure to file objections within the specified time may waive the right to

5  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:    July 26, 2006**                          **/s/ Lawrence J. O'Neill**
   b9ed48                                         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28