# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON DANIEL PRIMAS,       ) | 1:06-CV-00084 AWI LJO HC |
| )   | |
| Petitioner,           ) | ORDER ADOPTING FINDINGS AND |
| )   | RECOMMENDATION |
| )   | [Doc. #10] |
| v.                        ) | |
| )   | ORDER DISMISSING PETITION FOR WRIT |
| )   | OF HABEAS CORPUS |
| A. J. MALFI, Warden,       ) | [Doc. #1] |
| )   | |
| Respondent.         ) | ORDER DIRECTING CLERK OF COURT |
| )   | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 27, 2006, the Magistrate Judge issued Findings and Recommendation that recommended Respondent's motion to dismiss the petition be GRANTED for violating the statute of limitations and for failure to exhaust state remedies. The Magistrate Judge recommended the petition be DISMISSED with prejudice and the Clerk of Court be DIRECTED to enter judgment.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On August 22, 2006, Petitioner filed objections to the Findings and Recommendation. In his

1  objections, Petitioner claims lockdowns prevented him from timely filing his petition. However, he
2  makes no showing as to when these lockdowns occurred, their duration, and in what way he was
3  prevented from timely complying with the limitations period. It is Petitioner's burden to demonstrate
4  the manner in which extraordinary circumstances prevented him from timely filing his petition.
5  Absent any showing, he is not entitled to equitable tolling.

6      Petitioner also contends his claims did not materialize until six months after the disciplinary
7  action took place when prison authorities refused to restore 90 days of credit. This argument is of no
8  consequence for the limitations period had not yet commenced six months after the disciplinary
9  action. The disciplinary conviction took place on March 20, 2004. Seven months later, the director's
10 level appeal was denied on November 2, 2004. It was then that the limitations period began. Because
11 the limitations period had not yet commenced at the time Petitioner contends his claim materialized,
12 the limitations period cannot be tolled.

13     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*
14 *novo* review of the case.  Having carefully reviewed the entire file and having considered the
15 objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is
16 supported by the record and proper analysis. Therefore, there is no need to modify the Findings and
17 Recommendations based on the points raised in the objections.

18     Accordingly, IT IS HEREBY ORDERED that:

19     1. The Findings and Recommendation issued July 27, 2006, is ADOPTED IN FULL;

20     2. Respondent's Motion to Dismiss is GRANTED;

21     3. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice; and

22     4. The Clerk of Court is DIRECTED to enter judgment.

24 IT IS SO ORDERED.

25 **Dated:    October 3, 2006**                    **/s/ Anthony W. Ishii**
   0m8i78                                          UNITED STATES DISTRICT JUDGE